UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| URBAN ELEVATOR SERVICE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STRYKER LUBRICANT DISTRIBUTORS INC., et al., <br><br> Defendants. | No. 15 CV 2128 <br><br> Judge Manish S. Shah |

## ORDER

Defendant Sinopec USA, Inc.'s motion to dismiss [25] is granted. Plaintiff's corrected class action complaint is dismissed as to Sinopec USA without prejudice.

## STATEMENT

Plaintiff Urban Elevator Service, LLC, filed a class action complaint claiming defendants Stryker Lubricant Distributors, Inc., Sinopec Lubricant Co., Ltd., Sinopec USA, Inc., and John Does 1–12, collectively sent plaintiff an unsolicited advertisement by fax. Plaintiff claims this conduct amounted to a violation of the Telephone Consumer Protection Act (Count I), conversion under Illinois law (Count II), and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count III).

According to the complaint, defendant Sinopec Lubricant is the "largest high-tier lubricant manufacturer and marketer in China . . . integrat[ing] the function of lubricant manufacturing, research, storage, transportation, sales and service." [3] ¶ 14. Defendant Sinopec USA, by contrast, is the "liaison between Sinopec [Lubricant] and U.S. oil and gas companies and is in charge of organizing regular coordination meetings for all Sinopec entities in the U.S." *Id.* ¶ 20. Defendant Stryker Lubricant Distributors, finally, "is the exclusive distributor of Sinopec [Lubricants] in the United States . . . promot[ing] the sale of [Sinopec Lubricant's] goods in the United States pursuant to its agreement with Sinopec [Lubricant] to do so." *Id.* ¶¶ 18–19.

Sinopec USA moved under Rule 12(b)(6) to dismiss all counts against it.[1] On Count I, Sinopec USA argues that the claim should be dismissed because Sinopec USA is not alleged to have sent the fax in question, its products are not advertised in the subject fax, and the complaint says nothing about the relationship between Sinopec Lubricant and Sinopec USA other than that Sinopec USA is a liaison which organizes meetings. In response, plaintiff argues that—by pleading "Defendants" sent the fax—it did allege Sinopec USA sent the fax. Plaintiff also contends that TCPA liability extends to those who cause a third part to send a fax. Plaintiff says that because Sinopec USA is a "Sinopec company," it is reasonable to infer "that its goods and services are also Sinopec products and therefore are prominently displayed in the subject fax advertisement."[2] Finally, plaintiff argues that Sinopec USA's "liaison" status makes it reasonable to infer that the company "was working in collaboration with the other defendants to market Sinopec products." [26] at 6–7.

Although the complaint arguably asserts that Sinopec USA directly sent the fax or caused the fax to be sent, the pleading contains no factual content that raises the right to relief above the speculative level. Plaintiff offers nothing to suggest its theory as to Sinopec USA is anything other than pure guesswork. The closest plaintiff comes is to note that both companies have "Sinopec" in their names, *see* [26] at 6–7, but that is not enough. And while plaintiff posits in its brief that Sinopec USA "was working in collaboration with the other defendants to market Sinopec

---

[1] "A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [the court] accept[s] the well-pleaded facts in the complaint as true . . . ." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). The plausibility test does not permit a court to disregard factual allegations simply because they seem unlikely. *Firestone Financial Corp. v. Meyer*, 796 F.3d 822, 827 (7th Cir. 2015).

[2] Plaintiff suggests a defendant may be liable under the TCPA merely if its products are advertised in an unlawful fax. *See* [26] at 6. To the extent the non-binding caselaw plaintiff relies upon suggests such a rule—and it is not clear that it does—I disagree. A defendant may be liable under the TCPA's junk fax provisions only if it sends the fax itself or causes a third party to send the fax on its behalf. *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1254 (11th Cir. 2015) ("a person whose services are advertised in an unsolicited fax transmission, *and on whose behalf the fax is transmitted*, may be held liable directly under the TCPA's ban on the sending of junk faxes.") (emphasis added). To hold otherwise would permit a malicious actor to foist liability (and not just a meritless lawsuit) on the victim of its choosing.

2

products," plaintiff's actual complaint says nothing to that effect. Plaintiff may not amend its complaint by means of its response brief.

On Count II, Sinopec USA argues that plaintiff "makes no substantive allegations that could support any of the elements of a conversion claim against Sinopec USA." [25] at 6. Defendant disagrees, once again noting that it included Sinopec USA within the definition of "Defendants." As discussed with Count I, however, plaintiff's complaint does not contain sufficient factual content to support its claim that Sinopec USA personally participated in the conversion of its paper and toner.

On Count III, Sinopec USA says dismissal is warranted because plaintiff does not allege that it made any representations to plaintiff, let alone a representation that was "false, misleading, or unscrupulous." Plaintiff rightly responds, however, that under the Illinois Consumer Fraud Act, it suffices for the defendant's conduct to have been "unfair." *See Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 417 (Ill. 2002). To determine whether an accused practice is unfair, Illinois courts consider "(1) whether the practice offends public policy; (2) whether it is immoral unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson*, 201 Ill.2d at 417–18 (citing *F.T.C. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n. 5 (1972)). "All three criteria do not need to be satisfied to support a finding of unfairness," but rather "[a] practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id.*

The allegations of Count III in this case are nearly identical to those alleged in *Helping Hand Caregivers, Ltd. v. Darden Restaurants, Inc.*, 14 CV 10127, 2015 WL 2330197 (N.D. Ill. May 14, 2015), and for the same reasons I dismissed the count in that case (repeated below), dismissal is warranted here.

In this case, the first factor weighs in favor of plaintiff because "there is little dispute that the alleged practice of sending unsolicited fax advertisements offends public policy." *Mussat v. Power Liens, LLC*, 2014 WL 3610991, at *3 (N.D. Ill. July 21, 2014) (collecting cases). Courts disagree, by contrast, on whether the practice satisfies the second and third *Robinson* prongs. *Compare Mussat*, 2014 WL 3610991 at *3 (finding allegations related to unsolicited fax transmission did not satisfy Consumer Fraud Act's second and third unfairness considerations); *Paldo Sign & Display Co. v. Topsail Sportswear, Inc.*, 2010 WL 276701, at *2–4 (N.D. Ill. Jan. 15, 2010) (same); *G.M. Sign, Inc. v. Stergo*, 681 F.Supp.2d 929, 935–37 (N.D. Ill. 2009) (same); *Stonecrafters, Inc. v. Foxfire Printing & Packaging, Inc.*, 633 F.Supp.2d 610, 615–17 (N.D. Ill. 2009) (same); *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns*, 443 F.Supp.2d 976, 978–79 (N.D. Ill. 2006) (same) with *Brodsky v. HumanaDental Ins.*

*Co.*, 2011 WL 529302, at *9 (N.D. Ill. Feb. 8, 2011) (finding allegations related to unsolicited fax transmission satisfied Consumer Fraud Act's pleading requirements); *Green v. Anthony Clark Int'l Ins. Brokers, Ltd.*, 2009 WL 2515594, at *4–5 (N.D. Ill. Aug. 17, 2009) (same); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 2009 WL 112380, at *2 (N.D. Ill. Jan. 15, 2009) (same); *Centerline Equip. Corp. v. Banner Personnel Serv., Inc.*, 545 F.Supp.2d 768, 779–81 (N.D. Ill. 2008) (same).

I am persuaded by the courts that find these allegations to be insufficient. As relates to the second prong, I agree that "one unsolicited fax does not rise to the level of immoral, unethical, oppressive, or unscrupulous [behavior] as contemplated by the [Act]." *Mussat*, 2014 WL 3610991 at *3. As for the third prong, plaintiff acknowledges, correctly, that the one-page fax it received did not cause it "substantial injury." Plaintiff argues instead that "the injuries inflicted upon the class as a whole" add up to a substantial injury. However, the only allegations about the size of the class are that "[o]n information and belief, the class consists of more than thirty-nine people . . . ." [3] ¶ 28. Forty people receiving a one-page fax does not amount to a "substantial injury." Nor is plaintiff entitled to a reading of its allegations so liberal so as to presume a class size large enough to transform an insubstantial injury into a substantial one. *See also Stonecrafters*, 633 F.Supp.2d at 617 ("[A] thousand people suffering damage in the amount of a couple of pennies . . . only amounts to an aggregate harm of $20. The class would have to consist of 5,000 people before the alleged harm plausibly reaches even $100, although there is no indication that the class would be so large."). Because two of the three *Robinson* factors cut strongly in Sinopec USA's favor, its alleged conduct was not "unfair" under the Illinois Consumer Fraud Act. Further, as with Counts I and II, plaintiff has failed to provide sufficient factual content to tie Sinopec USA to the sending of the fax in question.

Sinopec USA's motion to dismiss is granted. The dismissal of Sinopec USA is without prejudice. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given and is especially advisable after dismissal of the first complaint).

ENTER:

Date: 11/4/15

Manish S. Shah
U.S. District Judge